**CT Corporation**

**Service of Process Transmittal**
02/17/2022
CT Log Number 541075962

TO: KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

RE: **Process Served in Texas**

FOR: Wal-Mart Stores Texas, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BOLDEN WILLIAM // To: Wal-Mart Stores Texas, LLC<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Citation, Return(s), Petition, Attachment(s) |
| **COURT/AGENCY:** | 165th Judicial District Court of Harris County, TX<br>Case # 202208471 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 02/11/2020, At 11242 South Gessner Road, Houston, TX, 77071 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/17/2022 postmarked on 02/14/2022 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Joseph K. Plumbar<br>Law Office of Joseph K. Plumbar<br>1200 Rothwell Street<br>Houston, TX 77002<br>713-384-5507 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/17/2022, Expected Purge Date: 02/22/2022<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A

Page 1 of  1 / JD





S.
2117 Chenevert St Ste B
Houston, TX 77003

7020 3160 0001 4848 5169

U.S. POSTAGE PAID
FCM LG ENV
HUMBLE, TX
77338
FEB 11, 22
AMOUNT
$8.76
R2304W11931C-04

1000    75201

CT Corporation Systems
40 Walmart Stores Texas LLC
1999 Bryan St. Suite 900
Dallas, TX 75201

CAUSE NO. 202208471

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 912894 TRACKING NO: 73971724
EML

| | |
|---|---|
| Plaintiff: | In The 165th |
| BOLDEN, WILLIAM | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| WAL-MART STORES TEXAS L L C | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:** **WAL-MART STORES TEXAS L L C (A FOREIGN FOR-PROFIT CORPORATION) MAY BE SERVED THROUGH ITS REGISTERED AGENT C T CORPORATION SYSTEM 1999 BRYAN STREET SUITE 900, DALLAS TX 75201-3136**

Attached is a copy of: PLAINTIFFS ORIGINAL PETITION PLANTIFFS INITIAL DISCLOSURES

This instrument was filed on February 10, 2022 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on February 14, 2022, under my hand and seal of said court.

Issued at the request of:

PLUMBAR, JOSEPH KELLY
1200 ROTHWELL STREET
HOUSTON, TX 77002
713-384-5507
Bar Number: 24062331



*Marilyn Burgess*

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By:MARIA RODRIGUEZ

Mailed ~~Delivered~~ 14 _____ day
of February _____ 20 22
psc # 3914 exp 5/31/2022

Tracking Number: 73971724

EML

## CAUSE NUMBER: 202208471

| | |
|---|---|
| PLAINTIFF: BOLDEN, WILLIAM | In the 165th |
| vs. | Judicial District Court of |
| DEFENDANT: WAL-MART STORES TEXAS L L C | Harris County, Texas |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ____. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
                Affiant                                                    Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

2/10/2022 6:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61650554
By: Maria Rodriguez
Filed: 2/10/2022 6:13 PM

CAUSE NO. _____

| | | |
|---|---|---|
| WILLIAM BOLDEN | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, L.L.C. | § | |
| Defendant | § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW, WILLIAM BOLDEN ("Plaintiff"), hereinafter referred to as Plaintiff, and files Plaintiff's Original Petition, complaining of WAL-MART STORES TEXAS, L.L.C., hereinafter referred to as Defendant, and for the causes of action would respectfully show unto this Honorable Court the following:

### A. DISCOVERY-CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure.

### B. RELIEF

2.      Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000, excluding interest, statutory, punitive damages and penalties, and attorney's fees and costs. **Tex. R. Civ. P. 47 (c)(3)**

### C. PARTIES

3.      Plaintiff, William Bolden, is a resident of Harris County, Texas.

4.      Defendant, Wal-Mart Stores Texas, L.L.C., ("Store"), is a Foreign For-Profit Corporation engaged in business in the state of Texas. Defendant, Store, may be served with process through its registered agent, C.T. Corporation System at 1999 Bryan Street, Suite 900 Dallas, TX 75201-3136.

## D.  REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

5.      To the extent that the above-named Defendant is conducting business pursuant to a trade name or assured name, then suit is brought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answering this suit, that Defendant answers in the correct legal and assured names.  **TEX. R. CIV. P. 28**

## E.  JURISDICTION & VENUE

6.      Jurisdiction and venue is proper in Harris County, Texas. The acts or omissions forming the subject of this matter occurred in Harris County, Texas. The amount in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional limits of this Court.

## F.  FACTS

7.      On or about February 11, 2020, Plaintiff was an invitee at Defendant's place of business located at 11242 South Gessner Road Houston, TX 77071. Plaintiff was a customer at the above-mentioned store location and while shopping, Plaintiff slipped on a wet spot and fell onto the ground. As a result, Plaintiff sustained serious bodily injuries.

8.      At the time of the incident in question, Plaintiff was an invitee of Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiffs' resulting injuries.

9.      Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defensive condition existing on Defendant's premises.

10.     Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

    a.  Failure to maintain the premises, including the escalator, in a reasonably safe condition;

    b.  Failure to inspect the premises where the dangerous condition existed;

    c.  Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

    d.  Failure to inform Plaintiff of the dangerous condition existing on the premises; and

    e.  Other acts deemed negligent.

11.  Each of the foregoing acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

12.  Defendant was also negligent in that it failed to act as reasonably prudent premise owner would act in the same or similar situation.

## G.  CAUSES OF ACTION – PREMISES CLAIM BY INVITEE

13.     At the time and immediately prior to the fall suffered by Plaintiff, Defendant was negligent in at least the alleged respects, among others, and this negligence was the proximate cause of the injuries suffered by Plaintiff, including the resulting in bodily injuries and damages:

    (1)  By maintaining a dangerous condition on the premises of the property;

    (2)  By failing to remove the dangerous condition;

    (3)  By failing to warn of the dangerous condition;

    (4)  By failing to repair or negligently repairing the dangerous condition; or

    (5)  Other acts or omissions as will be shown at the time of trial.

14.     Defendant was the owner in possession of the premises at 11242 South Gessner Road Houston, TX 77071 at the time of the incident.

15.     Plaintiff entered Defendant's premises for their mutual benefit. Defendant's premises is a public clothing apparel store where Plaintiff was there to spend money by purchasing items from Defendant.

16.     A condition on the premises posed an unreasonable risk of harm. Defendant knew or should have known that the store aisle created a dangerous condition on its premises. Defendant failed to maintain its premises as well as warn of dangerous conditions.

## H.  DAMAGES

17.     As a direct and proximate cause of Defendant's negligence, Plaintiff has suffered permanent serious, disabling injuries. Said elements of damage, which Plaintiff seeks to recover from Defendant, includes compensation for the following:

    a.   physical pain and disability suffered by Plaintiff from the day of the injury to the time of trial;

    b.   future physical pain and mental anguish reasonably anticipated to be suffered by Plaintiff in the future;

    c.   mental anguish, embarrassment and suffering sustained by Plaintiff from the day of the injury to the time of trial;

    d.   mental anguish, embarrassment and suffering which is reasonably anticipated to be suffered by Plaintiff in the future;

    e.   loss of earnings sustained by Plaintiff from the date of injury to the time of trial;

    f.   loss of earnings and earning capacity suffered by Plaintiff beyond the date of trial;

    g.   reasonable and necessary medical expenses incurred by Plaintiff in the treatment of their injuries from the date of the injury to the time of trial;

    h.   reasonable and necessary medical expenses reasonably anticipated to be suffered by Plaintiff in the future for the treatment of their injuries;

     i.    physical impairment and disfigurement reasonably anticipated to be sustained by Plaintiff in the future;

     j.    future physical impairment and disfigurement reasonably anticipated to be sustained by Plaintiff in the future.

18.    In addition to actual damages, Plaintiff hereby seeks recovery for pre-judgment interest on the actual damages in accordance with the provisions of V.T.C.A. Finance Code § 304.101, et. seq., and for post judgment interest on said judgment at the maximum legal rate.

19.    If Defendant claims that Plaintiff had a pre-existing condition, disease of infirmity in body, and if said condition or disease existed in any degree, whatsoever, the above-described accident aggravated and accelerated and/or made worse such condition, disease or infirmity so as to be a proximate cause of injuries, disability and/or damages. If Defendant claims any doctor aggravated Pliantiff's injuries, Plaintiff may recover for aggravation of injuries brought about by improper medical treatment since they were not negligent in the selecting of medical providers.

20.    If it is Defendant's contention that Plaintiff's medical bills are limited to those only paid and/or incurred by their insurance company, including Plaintiff's deductible and co-payments, then Plaintiff hereby seeks recovery for the premiums they have paid for such insurance coverage since Defendant has robbed her of their benefits of insurance coverage without fair, due and just compensation.

## I.  CONDITIONS PRECEDENT

21.    All conditions precedent to Plaintiff's right to bring this action and recover her damages and to Defendant's liability have been performed and occurred.

## J.  DISCOVERY REQUESTS

22.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## K.  JURY DEMAND

23.     Plaintiff demands a jury trial and tender the appropriate fee.

## L.  OTHER DISCOVERY

24.     Plaintiff refers you to the attached Request for Admissions, Set of Interrogatories, and Request for Production of Documents and notifies you that a response is required within 50 days of service of these requests.

## M.  RULE 193.7 NOTICE

25.     Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the documents.

## N.  PRAYER

26.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial, hereof, Plaintiff will recover damages from Defendant, for the full amount of such damages, for pre-judgment interest at the maximum legal rate, for interest on the judgment from the date of its rendition until paid, for costs of Court, and for such other and further relief, general and special, legal and equitable, to which Plaintiff may be entitled to which the jury believes he is deserving for which he will ever pray.

Respectfully Submitted,

LAW OFFICE OF JOSEPH K. PLUMBAR

By:

TBN: 24062331
1200 Rothwell Street
Houston, Texas 77002
(713) 384-5507 Telephone
(866) 252-3048 Facsimile
jplumbar@plumbarlaw.com Email
**Attorney for Plaintiff, William Bolden**

CAUSE NO. _____

| | | |
|---|---|---|
| WILLIAM BOLDEN | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| WAL-MART STORES TEXAS, L.L.C. | § | |
| Defendant | § | _____ JUDICIAL DISTRICT |

---

## PLAINTIFF'S INITIAL DISCLOSURES

---

TO:   Defendant, Wal-Mart Stores Texas, L.L.C., by and through their registered agent, C.T. Corporation System, 1999 Bryan Street, Suite 900 Dallas, TX 75201-3136.

Comes now, Plaintiff to file these Plaintiff's Response to Defendant's Request for Disclosure pursuant to Texas Rules of Civil Procedure 194.2.

Respectfully submitted,

By:

**THE LAW OFFICE OF JOSEPH K. PLUMBAR**
TBN: 24062331
1200 Rothwell Street
Houston, TX 77002
713.384.5507 Telephone
866.252.3048 Facsimile
lplumbar@plumbarlaw.com Email
**Attorney for Plaintiff, William Bolden**

<u>PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR DISCLOSURES</u>

a.      Provide the correct names of the parties to this lawsuit.

**RESPONSE: William Bolden – Plaintiff; Wal-Mart Stores Texas, L.L.C. – Defendant**

b.      Provide the name, address and telephone number of any potential parties.

**RESPONSE: Plaintiff is unaware of any potential parties.**

c.      Provide the legal theories and, in general, the factual bases of your claims or defenses.

**RESPONSE: On or about February 11, 2020, Plaintiff was an invitee at Defendant's place of business located at 11242 South Gessner Road Houston, TX 77071. Plaintiff was a customer at the above-mentioned store location and while shopping, Plaintiff slipped on a wet spot and fell onto the ground. As a result, Plaintiff sustained serious bodily injuries.**

d.      Provide the amount and any method of calculating economic damages.

**RESPONSE: Please see Plaintiff's expenses listed below:**

<u>PAST MEDICAL EXPENSES:</u>

| | |
|---|---|
| Realistic Medical Clinic | $12,935.00 |
| One Step Diagnostic | $7,000.00 |
| Fort Bend Surgical Associates | $1,500.00 |
| Northwest Surgery Center | $22,910.00 |
| Dr. Jeffrey D. Reuben, P.A. | $3,433.00 |
| Signature Care Westchase | $0.00 |

<u>FUTURE MEDICAL EXPENSES:</u>

| | |
|---|---|
| Dr. Jeffrey D. Reuben, P.A. | $4,500.00 |

| | |
|---|---|
| **TOTAL MEDICAL EXPENSES** | **$52,278.00** |

e.      Provide the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

**William Bolden**
**c/o Law Office of Joseph K. Plumbar**
**1200 Rothwell Street**
**Houston, Texas 77002**
**713.384.5507 – Telephone**
**866.252.3048 – Facsimile**
**Plaintiff**

**Wal-Mart Stores Texas, L.L.C.**

C/o C.T. Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201-3136
Defendant

Custodian of billing and medical records for the following providers:

Realistic Medical Clinic, L.L.C.
2646 South Loop West, Suite 520
Houston, TX 77054
(832) 787-0525

One Step Diagnostic
11221 Katy Freeway, Suite 201
Houston, TX 77079
(713) 461-7272

Fort Bend Surgical Associates
2616 South Loop West, Suite 170 B
Houston, TX 77054
(281) 207-8610

Northwest Surgery Center
4800 Federal Plaza Drive
Houston, TX 77092
(713) 462-3194

Dr. Jeffrey D. Reuben, P.A.
5555 West Loop South, Suite 360
Bellaire, TX 77401
(713) 521-7870

Signature Care Emergency Center
11103 Westheimer Road
Houston, TX 77042
(832) 708-3651

f.  Provide the following for any testifying expert:

   (1)   the expert's name, address, and telephone number;
   (2)   the subject matter on which the expert will testify;
   (3)   the general substance of the expert's mental impressions and opinions and a brief summary
         of the basis for them, or if the expert is not retained by, employed by, or otherwise subject
         to your control, documents reflecting such information;

   (4)   if the expert is retained by, employed by, or otherwise subject to your control:

      (a)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

      (b)     the expert's current resume and bibliography

**RESPONSE: Please see below:**

**I.**    **NON-RETAINED EXPERTS:**  The following persons, or the custodians of their records, have not been retained by and are not employed by, or are otherwise subject to the control of Plaintiff (hereinafter referred to as "non-retained" experts), but are hereby designated as testifying experts by Plaintiff and the following information is provided in accordance with Rule 194.2, Tex. R. Civ. P.

Although these witnesses have not been specifically retained as expert witnesses by Plaintiff, and while Plaintiff cannot vouch for the expertise or credibility of such witnesses at this time, it is believed that they may have knowledge, training or expertise which may qualify them as experts.

Accordingly, Plaintiff designate these witnesses as persons who may be called upon to give testimony that would be considered expert testimony.

The following healthcare providers, and/or the custodian of their records, may testify regarding the injuries sustained by the Plaintiff in the incident made the subject of this suit, their medical diagnosis, prognosis and the reasonable and necessary cost of hospital, doctor and medical bills for treatment of her injuries in the past and in the future. Please refer to the healthcare providers records for their mental impressions, opinions, conclusions, and the factual basis for each opinion.

    **1.**    **Identity of Non-Retained Medical Experts.**  The names of the non-retained/non-controlled medical experts and their addresses and telephone numbers are as follows:

Please see below:

Teriya M. Richmond, M.D.,
Realistic Medical Clinic, L.L.C.
2646 South Loop West, Suite 520
Houston, TX 77054
(832) 787-0525
**Treating healthcare provider and/or the custodian of medical bills and medical records**

Mudassir Shafi, M.D.,
One Step Diagnostic
11221 Katy Freeway, Suite 201
Houston, TX 77079
(713) 461-7272
**Treating healthcare provider and/or the custodian of medical bills and medical records**

Steven Nolan, M.D.,
Fort Bend Surgical Associates
2616 South Loop West, Suite 170 B
Houston, TX 77054
(281) 207-8610
**Treating healthcare provider and/or the custodian of medical bills and medical records**

Jeffrey D. Reuben, M.D., Ph.D.,
Northwest Surgery Center

4800 Federal Plaza Drive
Houston, TX 77092
(713) 462-3194
Treating healthcare provider and/or the custodian of medical bills and medical records

Jeffrey D. Reuben, M.D., Ph.D.,
Dr. Jeffrey D. Reuben, P.A.
5555 West Loop South, Suite 360
Bellaire, TX 77401
(713) 521-7870
Treating healthcare provider and/or the custodian of medical bills and medical records

Ioram Grinblatas, M.D.,
Signature Care Emergency Center
11103 Westheimer Road
Houston, TX 77042
(832) 708-3651
Treating healthcare provider and/or the custodian of medical bills and medical records

All doctors, nursing staff, and health care providers shown in Plaintiff's medical records provided in this lawsuit.

2.  **Subject Matters of Non-Retained Medical Experts.** The subject matters on which said non-retained non-controlled medical experts will testify are as follows:

    a.    the existence, nature and/or extent of the injuries sustained by Plaintiff;

    b.    the examination and treatment of the injuries sustained by Plaintiff;

    c.    pre-existing injuries to and/or pre-existing medical conditions of Plaintiff;

    d.    the type, purpose, extent, results, evaluations and/or interpretations of examinations, treatments, x-rays and tests regarding Plaintiff;

    e.    recommendations, diagnosis and prognosis with regard to the injuries of Plaintiff;

    f.    the existence, nature and/or extent of the disabilities and/or incapacities of Plaintiff, in the past, and the reasonable probability and extent of the disabilities and/or incapacities which Plaintiff may suffer from in the future;

    g.    the cause and/or causes of Plaintiff's conditions, injuries, disabilities and/or incapacities;

    h.    medical care and treatment and medications that have been required by Plaintiff in the past for the treatment of the injuries allegedly sustained by him in the subject accident and for rehabilitation from such injuries;

    i.    medical care and treatment and medications that will be required by Plaintiff in the future, if any, for the treatment of the injuries allegedly sustained by him in the subject accident and for rehabilitation from such injuries;

    j.    the reasonableness and the necessity of the medical services and medical care and medications rendered to Plaintiff in the past, and that they will in reasonable probability receive in the future, for the injuries sustained by him in the subject accidents;

    k.    all those subject matters contained, discussed or disclosed in:

        (1)    the medical records of Plaintiff which have been and which may hereafter be produced by Plaintiff, Defendant, and/or Plaintiff's doctors and other healthcare providers in response to discovery requests served in this cause;

(2)    any and all medical records affidavits and/or medical billing affidavits which have been filed and which may hereafter be filed in this cause, and all exhibits thereto;

(3)    the depositions on written questions of Plaintiff's health care providers which have been taken and which may hereafter be taken in this cause, and all exhibits thereto;

(4)    the oral depositions of Plaintiff's health care providers which have been taken and which may hereafter be taken in this cause, and all exhibits thereto;

(5)    all written reports of healthcare providers produced during the course of discovery in this cause;

(6)    the depositions taken in this cause, orally and on written questions;

(7)    all written reports of healthcare providers produced during the course of discovery in this cause;

All of which documents are incorporated herein by reference as though set out at length for all purposes.

3.    **Impressions and Opinions of Non-Retained Medical Experts.**
Although said experts were not retained by Plaintiff, they are hereby identified as persons who may be called to testify as an expert at the trial of this case and Plaintiff reserve the right to obtain testimony from said alleged experts upon direct and/or cross examination, if need be, but only to the extent that said individuals are properly qualified to testify as experts in their designated areas of expertise.

The general substance of said non-retained / non-controlled medical experts' mental impressions and opinions are expected to be, and a brief summary of the basis for them are, as follows:

a.    that the nature, extent and severity of Plaintiff's alleged injuries, incapacities, and disabilities are as severe as alleged by Plaintiff;

b.    Plaintiff's' injuries, incapacities, and/or disabilities are the result in whole or in part of the injuries received by the Plaintiff and made the subject of this suit;

c.    the medical care and treatment rendered to Plaintiff were reasonable and/or necessary;

d.    the subject accident did, based on reasonable medical probability, cause all of the complaints, disabilities, injuries, and/or incapacities of Plaintiff,

e.    that any surgical intervention for treatment of Plaintiff's symptoms was necessitated and proximately caused by the accident made the subject of this lawsuit;

f.    that the medical expenses of the Plaintiff were necessitated by the subject incident made the subject of this lawsuit; and

j.    All the facts known and mental impressions and opinions held by the doctors, hospitals, clinics and other health care providers designated above are shown by and contained in:

(1)    the medical records of Plaintiff which have been and which may hereafter be produced by Defendant, Plaintiff and/or Plaintiff's doctors and other healthcare providers in response to discovery requests served in this cause;

(2)    the medical records affidavits and medical billing affidavits which have been filed and which may hereafter be filed in this cause, and all exhibits thereto;

(3)    the depositions on written questions of Plaintiff health care providers which have been taken and which may hereafter be taken in this cause, and all exhibits thereto;

(4)    the oral depositions of Plaintiff health care providers which have been taken and which may hereafter be taken in this cause, and all exhibits thereto;

(5)    the depositions taken in this cause, orally and on written questions;

(6)     all written reports of healthcare providers produced during the course of discovery
in this cause .

All of which documents are incorporated herein by reference as though set out at length for
all purposes.

4.     **Brief Summary of Basis For Impressions And Opinions:**  The basis for the foregoing impressions
and opinions of the above named and/or designated expert witnesses are all of the facts shown by
and/or contained in:

a.       all of the medical records of Plaintiff produced in this cause.
b.       all depositions taken and hereafter taken in this cause, either by written questions or orally,
and all exhibits thereto;
c.       the expert reports herein above expressly referred to;
d.       all written reports or records of healthcare providers produced during the course of discovery
in this cause;
d.       All witness statements which may be produced in this cause;
e.       All of the photographs and videotape recordings produced in this cause;
f.       The Responses to Requests For Disclosure, Responses to Requests For Production, Answers
to Interrogatories, and the Amendments and Supplements thereto which have been filed by
each of the parties to this cause;
g.       The Pleadings on file in this cause;
h.       All documents and tangible things produced in this cause;

All of which records, reports, documents, depositions, photographs and videotape recordings are
incorporated herein by reference and made a part hereof for all purposes as if set out at length herein.

## II.     NON-RETAINED EXPERTS-PEACE OFFICER:

Although these witnesses have not been specifically retained as expert witnesses by Plaintiff, and while
Plaintiff cannot vouch for the expertise or credibility of such witnesses at this time, it is believed that they
may have knowledge, training or expertise which may qualify them as experts.  Accordingly, Plaintiff
designates these witnesses as persons who may be called upon to give testimony that would be considered
expert testimony.

The following peace officer, and/or the custodian of their records, may testify regarding the facts of
the wreck made the subject matter of this case, the causation of the wreck, and statements made by the persons
involved in the wreck, or witnesses thereto.  Please refer to the Texas Peace Officer's Report for their mental
impressions, opinions, conclusions, and the factual basis for each opinion.

1.     **Identity of Non-Retained Peace Officers.**  The names of the non-retained/non-controlled Peace
Officer experts and their addresses and telephone numbers are as follows:

2.     **Subject Matters of Non-Retained Peace Officer.** The subject matters on which said non-retained
non-controlled medical experts will testify are as follows:

a.       the facts of the wreck made the subject of this suit;
b.       the drivers involved in the wreck made the subject of this suit;
c.       the causative factors regarding the wreck made the subject of this suit.

d. the extent of the damage to the vehicles involved in the wreck made the subject of this suit;
e. the traffic conditions, terrain, and weather conditions at the time of the wreck made the subject of this suit.
f. all those subject matters contained, discussed or disclosed in:
   (1) the Texas Peace Officers Report of the wreck made the subject of this suit;
   (2) the depositions taken in this cause, orally and on written questions;
   (3) all written reports produced during the course of discovery in this cause;
   (4) all photographs produced during the course of discovery in this cause;

All of which documents are incorporated herein by reference as though set out at length for all purposes.

3. **Impressions and Opinions of Non-Retained Peace Officer.** The general substance of said non-retained / non-controlled Peace Officer experts' mental impressions and opinions are expected to be, and a brief summary of the basis for them are, as follows:

a. the facts of the wreck made the subject of this suit;
b. the identity of the drivers involved in the wreck made the subject of this suit;
c. the causative factors regarding the wreck made the subject of this suit.
d. the extent of the damage to the vehicles involved in the wreck made the subject of this suit;
e. the traffic conditions, terrain, and weather conditions at the time of the wreck made the subject of this suit.
f. all those subject matters contained, discussed or disclosed in:
   (1) the Texas Peace Officers Report of the wreck made the subject of this suit;
   (2) the depositions taken in this cause, orally and on written questions;
   (3) all written reports produced during the course of discovery in this cause;
   (4) all photographs produced during the course of discovery in this cause;
   (5) all statements produced during the course of discovery in this cause;

All of which documents are incorporated herein by reference as though set out at length for all purposes.

4. **Brief Summary of Basis For Impressions And Opinions:** The basis for the foregoing impressions and opinions of the above named and/or designated expert witnesses are all of the facts shown by and/or contained in:

a. the Peace Officer's investigation of the wreck including the scene of the wreck; the vehicles involved; the statements of the drivers and passengers in the vehicles, statements of witnesses to the wreck; emergency medical care rendered to the parties;
b. the Peace Officer's report and notes pertaining to the wreck made the subject of this suit;
c. all depositions taken and hereafter taken in this cause, either by written questions or orally, and all exhibits thereto;
d. the expert reports herein above expressly referred to;
e. all witness statements which may be produced in this cause;
f. all of the photographs and videotape recordings produced in this cause;
g. the Responses to Requests for Disclosure, Responses to Requests For Production, Answers to Interrogatories, and the Amendments and Supplements thereto which have been filed by each of the parties to this cause;
h. the Pleadings on file in this cause;

i.      all documents and tangible things produced in this cause;

All of which records, reports, documents, depositions, photographs and videotape recordings are incorporated herein by reference and made a part hereof for all purposes as if set out at length herein.

## III.   EXPERTS RETAINED AND/OR DESIGNATED BY OTHER PARTIES.

1       **Identity of Experts:** Plaintiff also hereby identifies all "experts" that have been or may be hereafter identified by Defendant and/or Third-Party Defendants in their respective Responses to Requests for Disclosure and/or expert designations and/or expert reports served in this cause (including any and all supplements and amendments thereto).

2.      **Subject Matter of Experts:** The subject matters on which said non-retained non-controlled medical experts will testify are as follows:

a.      the existence, nature and/or extent of the injuries sustained by Plaintiff;
b.      the examination and treatment of the injuries sustained by Plaintiff;
c.      pre-existing injuries to and/or pre-existing medical conditions of Plaintiff;
d.      the type, purpose, extent, results, evaluations and/or interpretations of examinations, treatments, x-rays and tests regarding Plaintiff;
e.      recommendations, diagnosis and prognosis with regard to the injuries of Plaintiff;
f.      the existence, nature and/or extent of the disabilities and/or incapacities of Plaintiff, in the past, and the reasonable probability and extent of the disabilities and/or incapacities which Plaintiff may suffer from in the future;
g.      the cause and/or causes of Plaintiff's conditions, injuries, disabilities and/or incapacities;
h.      medical care and treatment and medications that have been required by Plaintiff in the past for the treatment of the injuries allegedly sustained by them in the subject accident and for rehabilitation from such injuries;
i.      medical care and treatment and medications that will be required by Plaintiff in the future, if any, for the treatment of the injuries allegedly sustained by them in the subject accident and for rehabilitation from such injuries;
j.      the reasonableness and the necessity of the medical services and medical care and medications rendered to Plaintiff in the past, and that they will in reasonable probability receive in the future, for the injuries sustained by him in the subject accidents;
k.      all those subject matters contained, discussed or disclosed in:
        (1)     the medical records of Plaintiff which have been and which may hereafter be produced by Plaintiff, Defendant, and/or Plaintiff's doctors and other healthcare providers in response to discovery requests served in this cause;
        (2)     any and all medical records affidavits and/or medical billing affidavits which have been filed and which may hereafter be filed in this cause, and all exhibits thereto;
        (3)     the depositions on written questions of Plaintiff's health care providers which have been taken and which may hereafter be taken in this cause, and all exhibits thereto;
        (4)     the oral depositions of Plaintiff's health care providers which have been taken and which may hereafter be taken in this cause, and all exhibits thereto;
        (5)     all written reports of healthcare providers produced during the course of discovery in this cause;
        (6)     the depositions taken in this cause, orally and on written questions;
        (7)     all written reports of healthcare providers produced during the course of discovery in this cause;

All of which documents are incorporated herein by reference as though set out at length for all purposes.

3.    **Impressions and Opinions of Experts.**  Although said experts were not retained by Plaintiff, they are hereby identified as persons who may be called to testify as an expert at the trial of this case and Plaintiff reserves the right to obtain testimony from said alleged experts upon direct and/or cross examination, if need be, but only to the extent that said individuals are properly qualified to testify as experts in their designated areas of expertise.

The general substance of said non-retained / non-controlled medical experts' mental impressions and opinions are expected to be, and a brief summary of the basis for them are, as follows:

a.    that the nature, extent and severity of Plaintiff's alleged injuries, incapacities, and disabilities are as severe as alleged by Plaintiff;

b.    Plaintiff's injuries, incapacities, and/or disabilities are the result in whole or in part of the injuries received by the Plaintiff and made the subject of this suit;

c.    the medical care and treatment rendered to Plaintiff was reasonable and/or necessary;

d.    the subject accident did, based on reasonable medical probability, cause all of the complaints, disabilities, injuries, and/or incapacities of Plaintiff,

e.    that any surgical intervention for treatment of Plaintiff's symptoms was necessitated and proximately caused by the accident made the subject of this lawsuit;

f.    that the medical expenses of the Plaintiff were necessitated by the subject incident made the subject of this lawsuit; and

j.    All the facts known and mental impressions and opinions held by the doctors, hospitals, clinics and other health care providers designated above are shown by and contained in:

    (1)    the medical records of Plaintiff which have been and which may hereafter be produced by Defendant, Plaintiff and/or Plaintiff's doctors and other healthcare providers in response to discovery requests served in this cause;

    (2)    the medical records affidavits and medical billing affidavits which have been filed and which may hereafter be filed in this cause, and all exhibits thereto;

    (3)    the depositions on written questions of Plaintiff's health care providers which have been taken and which may hereafter be taken in this cause, and all exhibits thereto;

    (4)    the oral depositions of Plaintiff's health care providers which have been taken and which may hereafter be taken in this cause, and all exhibits thereto;

    (5)    the depositions taken in this cause, orally and on written questions;

    (6)    all written reports of healthcare providers produced during the course of discovery in this cause.

All of which documents are incorporated herein by reference as though set out at length for all purposes.

4.    **Brief Summary of Basis For Impressions And Opinions:**  The basis for the foregoing impressions and opinions of the above named and/or designated expert witnesses are all of the facts shown by and/or contained in:

a.    all of the medical records of Plaintiff produced in this cause.

b.    all depositions taken and hereafter taken in this cause, either by written questions or orally, and all exhibits thereto;

c.    the expert reports herein above expressly referred to;

d.    all written reports or records of healthcare providers produced during the course of discovery in this cause;

d.    All witness statements which may be produced in this cause;

e.    All of the photographs and videotape recordings produced in this cause;

f.    The Responses to Requests For Disclosure, Responses to Requests For Production, Answers to Interrogatories, and the Amendments and Supplements thereto which have been filed by each of the parties to this cause;

g.    The Pleadings on file in this cause;

h.    All documents and tangible things produced in this cause;

All of which records, reports, documents, depositions, photographs and videotape recordings are incorporated herein by reference and made a part hereof for all purposes as if set out at length herein.

g.    Provide any indemnity and insuring agreements described in Rule 192.3(f).

RESPONSE:  None at this time.

h.    Provide any settlement agreements described in Rule 192.3(g).

RESPONSE:  None at this time.

i.    Provide any witness statements described in Rule 192.3(h).

RESPONSE: None at this time.

j.    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, provide all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

RESPONSE: Please see attached Plaintiff's medical bills and medical records as follows:

1)  **Realistic Medical Clinic**
2)  **One Step Diagnostic**
3)  **Fort Bend Surgical Associates**
4)  **Northwest Surgery Center**
5)  **Dr. Jeffrey D. Reuben, P.A.**
6)  **Signature Care Westchase**

k.    In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, provide all medical records and bills you have obtained by virtue of an authorization furnished by the requesting party;

RESPONSE: Plaintiff's medical and billing records have been attached as Exhibit 1.

l. Provide the name, address and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:** None at this time.